<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEMETRIOS K. STRATIS, | |
| Plaintiff, | |
| v. | Case No. 2:22-cv-06929 (BRM) (JRA) |
| BMW OF NORTH AMERICA, LLC., *et al.* | **OPINION** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant BMW of North America ("BMW America"). (ECF No. 4.) Plaintiff Demetrios K. Stratis ("Stratis") filed an opposition to the motion. (ECF No. 18.) BMW America filed a reply. (ECF No. 20.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, BMW America's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.   BACKGROUND

For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Stratis. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This claim arises from the destruction of Stratis's 2015 BMW X5's (the "Vehicle") engine after an alleged timing chain failure. (ECF No. 1 ¶ 5.) Stratis filed this action against BMW America and Bayerische Motoren Werke Aktiengesellschaft ("BMW AG") (collectively, "Defendants") seeking to recover the cost of repair for the vehicle and other unspecified damages. (*Id.* ¶ 5; *id.* at 30.) BMW AG is a German corporation that designs, manufactures, and tests vehicle engines, including the primary and secondary chain assemblies incorporated into its vehicles. (*Id.* ¶ 13.) It is the parent company of BMW America. (*Id.*) BMW America is limited liability company with citizenship in Delaware and New Jersey.[1] (ECF No. 9.) BMW America manufactures, imports, distributes and sells BMW motor vehicles, and operates its national marketing, warranty, consumer relations and engineering offices from its New Jersey facility. (ECF No. 1 ¶ 14.) Stratis resides in and is a citizen of South Carolina, but purchased his Vehicle from Roxbury BMW, an authorized BMW dealership, in New Jersey. (*Id.* ¶ 12.)

The engine failure occurred on October 1, 2022, after the Vehicle had accrued approximately 140,000 miles. (*Id.* ¶¶ 5–6.) Stratis purchased the vehicle with an express warranty up to 100,000 miles, (*Id.* at 2 n.1; ECF No. 7 at 2.), and had the vehicle serviced exclusively by BMW authorized service providers and in accordance with all recommendations made by the BMW service providers. (ECF No. 1 ¶ 2.) Stratis alleges BMW service providers failed to recommend or suggest the timing chain be inspected or replaced despite having been aware of similar timing chain issues in their vehicles. (*Id.* ¶¶ 21–23.) On October 2, 2022, the vehicle was

---

[1] A limited liability company is a citizen of all states where its comprising members are citizens. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Corporations are citizens of the state of incorporation and the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). BMW America is a wholly owned subsidiary of BMW (US) Holding Corporation ("BMW HC"). (ECF No. 9.)  Therefore, BMW America is comprised of only one member, BMW HC. BMW HC is a Delaware corporation that has a principal place of business in New Jersey. Accordingly, BMW HC and BMW America are citizens of Delaware and New Jersey.

towed to a BMW authorized service center in Columbia, South Carolina where Stratis was informed that repair of the engine would cost $42,000.00. (*Id.* at 33.) On October 18, 2022, Stratis wrote to several BMW America executives requesting for some remedy to be provided. (*Id.* at 32.)

On December 1, 2022, Stratis filed this action bringing the following claims: breach of express warranty (Count I); breach of implied warranty of merchantability (Count II); violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* (Count III); violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2 *et seq.* (Count IV); negligent misrepresentation (Count V); unjust enrichment (Count VI); and injunctive and declaratory relief (Count VII). (ECF No. 1.) On January 12, 2023, BMW America filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (ECF No. 4), along with a brief in support of the motion. (ECF No. 7). On February 21, 2023, Stratis filed an opposition to the motion. (ECF No. 18.) On February 27, 2023, BMW America filed a reply. (ECF No. 20.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the

claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id*. (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (alteration in original) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings'" and "[n]o presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (first alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id*. (quoting *Mortensen*, 549 F.2d at 891).

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* at 350 (alteration in original) (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case

4

raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.* (citing *Mortensen*, 549 F.2d at 892 (holding dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)). These cases make clear "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id.*

Here, BMW America has presented the Court with a facial attack because the motion contends Stratis failed to adequately establish subject matter jurisdiction in his pleadings without disputing the facts alleged in the Complaint. (*See* ECF Nos. 4, 7, 17, 20.) Therefore, the Court considers the allegations in the light most favorable to Stratis. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

**B.      Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out

"sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## C.     Rule 9(b)

Fraud-based claims are subject to a heightened pleading standard, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). For a fraud-based claim, a court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) if the plaintiff fails to plead with the required particularity. *See Frederico v. Home Depot*, 507 F.3d 188, 200–02 (3d Cir. 2007). This level of particularity requires that plaintiff allege sufficient details to put the defendant on notice of the "precise misconduct with which [it is] charged." *Id.* at 201 (citation omitted). At a minimum, Rule 9(b) requires a plaintiff to allege the "essential factual background that would accompany 'the first paragraph of any newspaper

story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (citation omitted).

## III. DECISION

BMW America contends the Court lacks both diversity and federal question jurisdiction over the case. Specifically, BMW America argues that Stratis has not met the amount in controversy requirement for MMWA federal question jurisdiction or for diversity jurisdiction.[2] (ECF No. 7 at 5–6; ECF No. 17.) In opposition, Stratis asserts the Complaint satisfies the amount in controversy requirement for both MMWA federal question jurisdiction and diversity jurisdiction. (ECF No. 1 ¶ 8; ECF No. 16.) The parties do not dispute diversity of citizenship.

"Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal courts have original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which provide for federal question jurisdiction and diversity jurisdiction, respectively. "In order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Haiying Xi v. Shengchun Lu*, 226 F. App'x 189, 190 (3d Cir. 2007) (citing 28 U.S.C. §§ 1331 and 1332). The plaintiff "bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted).

---

[2] The Magnuson-Moss Warranty Act provides federal question jurisdiction to claims that satisfy the relevant portions of the Act and also contain an amount in controversy greater than $50,000. 15 U.S.C. 2301, *et seq.*

A.     **BMW America's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

BMW America argues Stratis failed to satisfy the amount in controversy requirement for diversity jurisdiction and federal question jurisdiction. (ECF No. 7 at 5–7; ECF No. 17.) BMW America contends that Stratis's quoted repair price of $42,000.00 and other vaguely alleged damages are insufficient to reach the $75,000 requirement for diversity jurisdiction. (ECF No. 7 at 5–7.) Stratis argues that diversity jurisdiction is proper because he has sufficiently pled damages in excess of $75,000.00, and, in the alternative, the Court has federal question jurisdiction because he asserted a claim under the MMWA and the amount in controversy exceeds $50,000 as required by the MMWA. (ECF No. 1 ¶¶ 8–9; ECF No. 16; ECF No. 18 at 6–7.)

1.     **Diversity Jurisdiction**

"[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208, at 100 (2d ed. 1990)); *see also Robinson v. CRS Facility Servs., LLC*, Civ. A. No. 12-2693, 2014 WL 3809251 (D.N.J. July 31, 2014) (finding plaintiffs "must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter" (citations omitted)); *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000) ("It is the plaintiffs' burden to adequately plead diversity jurisdiction [in a diversity case]." (citations omitted)). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). The Court is satisfied that the parties are diverse as Stratis resides in and is a

citizen of South Carolina, and BMW America is a citizen of Delaware and New Jersey. *See supra* note 1.

Further, "[a] plaintiff asserting diversity jurisdiction bears the burden of demonstrating that the amount in controversy exceeds $75,000." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)). If a defendant challenges the sufficiency of the plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." *Suber v. Kontinental Koaches, Inc.*, 104 F.3d 578, 583 (3d Cir. 1997). In determining whether the claim exceeds this threshold, the Court must assess "the value of the rights being litigated," *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993), or "the value of the object of the litigation." *Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977); *see also Coregis Ins. Co. v. Schuster*, 127 F. Supp. 2d 683, 686 (E.D. Pa. 2001) (quoting 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure 77 (3d ed. 1998)) ("It is well-settled by numerous judicial decisions . . . the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit."). "[E]stimations of the amounts recoverable must be realistic" and an estimate of damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004). Additionally, when a "complaint does not limit its request for damages to a precise monetary amount, the district court" may properly make "an independent appraisal of the value of the claim[.]" *Angus*, 989 F.2d at 146.

In *Auto-Owners Ins. Co.*, the Third Circuit summarized the legal standard for evaluating the amount in controversy requirement for purposes of diversity jurisdiction:

> [T]he party invoking diversity jurisdiction . . . bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. But that burden is not especially onerous. In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal.

*Auto-Owners Ins. Co.*, 835 F.3d at 395 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)) (emphasis added) (citations omitted).

In other words, a district court must retain jurisdiction unless a plaintiff's claims are facially "insubstantial" to satisfy the amount in controversy requirement. *Lunderstadt v. Colafella*, 885 F.2d 66, 69–70 (3d Cir. 1989) (citing *Hagans v. Lavine*, 415 U.S. 528, 542 n.10 (1974)). "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).

Here, Stratis has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. It does not appear to a legal certainty that Stratis's claim is for less than $75,000.00. Stratis alleges he was quoted a price of $42,000.00 to repair his engine (ECF No. 1 at 33), but also seeks compensation for both repairs made on the engine due to the alleged timing chain defect, and repairs made in accordance with the "incorrect maintenance and service intervals as set forth in the vehicles' owner's manual[.]" (*Id.* at 30). Stratis claims he incurred incidental expenses as a result from the alleged engine failure but fails to specify what constitutes these incidental expenses. (*Id.* at 30.) Additionally, Stratis does not limit the amount he seeks to be

awarded. *See Angus*, 989 F.2d at 146 (explaining when a "complaint does not limit its request for damages" the district court may make "an independent appraisal of the value of the claim").

Despite the lack of specificity in Stratis's Complaint, Stratis's overall claims for compensation prevent the Court from determining to a legal certainty that Stratis's damages fail to exceed $75,000.00. *See id.* (holding a complaint that does not limit its request to a precise monetary amount and demands "at least $40,000" satisfies a $50,000 amount in controversy requirement). Accordingly, BMW America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

## 2.      Federal Question Jurisdiction

The Magnuson-Moss Warranty Act provides federal question jurisdiction to claims that satisfy the relevant portions of the act and also contain an amount in controversy greater than $50,000.00. 15 U.S.C. 2301, *et seq.* The amount in controversy must be greater than or equal to $50,000.00 excluding interests and costs, and must be computed on the basis of all claims to be determined in the suit. *Id.* In light of the Courts finding that Stratis has satisfied the $75,000.00 amount in controversy requirement for diversity jurisdiction, the Court also finds that Stratis has satisfied the $50,000.00 amount in controversy requirement for MMWA claims to be asserted in federal court. Accordingly, BMW America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

## B.      BMW America's Motion to Dismiss for Failure to State a Claim

BMW America challenges Stratis's claims for: breach of express warranty, breach of implied warranty, violations of the MMWA, violations of the NJCFA, negligent misrepresentation, unjust enrichment, and injunctive and declaratory relief arguing Stratis fails to state a claim for each. (ECF No. 7 at 9–29.) The Court addresses each in turn.

As an initial matter, as a court sitting in diversity jurisdiction, the Court would normally conduct a choice-of-law analysis to determine which state's law applies; however, the parties do not dispute that New Jersey law should govern all claims in this case. (ECF No. 1 ¶ 17; ECF No. 7 at 7–8.) Accordingly, the Court will apply New Jersey law. *See UBI Telecom Inc. v. KDDI Am., Inc.*, Civ. A. No. 13-1643, 2014 WL 2965705, at *9 (D.N.J. June 30, 2014) (holding "[w]hen the parties agree upon which state's law applies . . . the Court need not conduct [a] choice-of-law inquiry"); *Butera v. Honeywell*, Civ. A. No. 18-13417, 2020 WL 64568, at *2 (D.N.J. Jan. 6, 2020); *Cole v. NIBCO, Inc.*, Civ. A. No. 13-7871, 2015 WL 2414740, at *5 (D.N.J. May 20, 2015).

### 1.      Breach of Express Warranty

BMW America argues Stratis's breach of express warranty claim fails on two grounds: (1) Stratis alleges the timing chain failure occurred outside of the express warranty period, and (2) Stratis fails to allege a breach of warranty claim as defined by the New Jersey's version of the Uniform Commercial Code ("NJUCC"). (ECF No. 7 at 9–12.) Stratis fails to directly respond to BMW America's two arguments, but instead contends his breach of warranty claim is valid because he has sufficiently pled facts alleging the warranty terms are unconscionable. (ECF No. 18 at 10–13.)

### a.      The Express Warranty

Pursuant to New Jersey law, a plaintiff must allege the following to state a claim for breach of express warranty: "(1) that Defendant made an affirmation, promise or description [of] the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011).

"A statement can amount to a warranty, even if unintended to be such by the seller, if it could be fairly understood . . . to constitute an affirmation or representation that the [product] possesse[s] a certain quality or capacity relating to future performance." *Avram v. Samsung Elecs. Am., Inc.*, Civ. A. No. 11-6973, 2013 WL 3654090, at *8 (D.N.J. July 11, 2013) (citations omitted). However, affirmations "merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." *Snyder*, 792 F. Supp. 2d at 721 (quoting N.J. Stat. Ann. § 12A:2-313(2)).

Stratis alleges BMW America made several representations to him about the Vehicle in the form of statements by various employees of authorized retail dealers, advertisements generated by BMW America, and also a written express warranty. (ECF No. 1 ¶¶ 2 n.1, 34.) Stratis makes general references to "representations made by employees" and "[d]efendants' represent[ations] that their vehicles were of a particular standard." (*Id.* ¶¶ 33–34.) Such references cannot sustain a breach of express warranty claim as they are no more than bald assertions that fail to identify specific affirmations made by BMW America. *Cf. Parker v. Howmedica Osteonics Corp.*, Civ. A. No. 07-2400, 2008 WL 141628, at *6 (D.N.J. Jan. 14, 2008) (holding general references to "assurances of safety" lack the specificity required to sustain a breach of warranty claim under New Jersey law). Further, while Stratis alleges the existence of a written express warranty up to 100,000 miles, he concedes that the alleged timing chain failure occurred after the vehicle had accrued approximately 140,000 miles, which falls outside of the warranty period. (ECF No. 1 ¶¶ 2 n.1, 6.) Accordingly, Stratis's breach of warranty claim fails based on the plain language of the warranty.

### b.     Unconscionability

As to the enforceability of the warranty under the NJUCC, Stratis argues the terms of the written express warranty are both substantively and procedurally unconscionable. (ECF No. 18 at 10–13.) Stratis asserts his claim of unconscionability allows him to successfully bring a claim against BMW even if the defect arose outside of the warranty period. (*Id.*)

Under the NJUCC,

> (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
> (2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

N.J. Stat. Ann. 12A:2-302; U.C.C. § 2-302. To sustain a claim of unconscionability, "[t]he traditional rule, which New Jersey . . . appear[s] to follow in the latent defect context, is that a plaintiff must plead both substantive as well as procedural unconscionability." *Skeen v. BMW N. Am., LLC*, Civ. A. No. 13-1531, 2014 WL 283628, at *14 (D.N.J. Jan. 24, 2014). "New Jersey courts may find a contract term substantively unconscionable if it is 'excessively disproportionate' and involves an 'exchange of obligations so one-sided as to shock the court's conscience.'" *Argabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 481 (D.N.J. 2017) (quoting *Delta Funding Corp. v. Harris*, 912 A.2d 104, 120 (N.J. 2006)). "Procedural unconscionability refers to unfairness in the formation of the contract, and may be shown by 'a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and

the particular setting existing during the contract formation process.'" *Argabright*, 258 F. Supp. 3d at 481 (quoting *Muhammad v. Cty. Bank of Rehoboth Beach, Del.*, 912 A.2d 88, 96 (N.J. 2006)).

Generally, "an express warranty does not cover repairs made after the applicable time . . . ha[s] elapsed." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir.1995)). A plaintiff may bypass this rule on a motion to dismiss if they sufficiently allege defendants manipulated the terms of the warranty with knowledge that a latent defect would only be revealed after the warranty had ended in order to avoid paying for it. *Skeen*, 2014 WL 283628 at *12; *Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, Civ. A. No. 17-7386, 2018 WL 6804506, at *6 (D.N.J. Oct. 30, 2018). However, "a manufacturer's mere knowledge that a part will ultimately fail, after the expiration of a warranty period, is insufficient to provide a basis for a breach of express warranty claim." *Henderson v. Volvo Cars of N. Am., LLC*, Civ. A. No. 09-4146, 2010 WL 2925913, at *7 (D.N.J. July 21, 2010). An allegation of a manufacturer's knowledge that a part will ultimately fail must be coupled with additional claims, such as manipulation of warranty terms to avoid paying for it, in order to survive a motion to dismiss. *See Gelis*, 2018 WL 6804506 at *6; *Skeen*, 2014 WL 283628, at *12.

Here, Stratis has sufficiently pled both substantive unconscionability and procedural unconscionability to survive a motion to dismiss. Stratis alleges, in pertinent part, that "[d]efendants knew that the engine defects described in this complaint would cause the chain assemblies to fail before the useful life of the engine and unconscionably limited the manufacturer's warranty coverage so that the primary and secondary chain assembly would fail beyond the warranty period." (ECF No. 1 ¶ 77.) This language sufficiently alleges substantive unconscionability at this early stage of litigation. *See Gelis*, 2018 WL 6804506 at *6 (holding plaintiffs sufficiently pled substantive unconscionability where plaintiffs alleged "defendants

16

knew of the defect before the sale of class vehicles to plaintiffs and that the defect would likely manifest after the warranty period but prior to the end of the vehicles' useful and expected lives, and thus unfairly manipulated the warranty terms to avoid paying repair costs"); *Skeen*, 2014 WL 283628 at *12 (holding "Plaintiffs have adequately alleged substantive unconscionability by claiming that Defendants knew the timing chain tensioners would fail and manipulated the warranty terms to avoid paying for it").

Similarly, Stratis has sufficiently pled procedural unconscionability. Stratis alleges that the express warranty was unilateral and not bargained for prior to purchase. (*Id.* ¶ 27.) Stratis also alleges that BMW America was aware of the defects but withheld that information prior to his purchase of the vehicle. (*Id.* ¶¶ 76–77.) This imbalance of knowledge regarding the existence of a defect can create the disparate bargaining power required to show procedural unconscionability at the motion to dismiss stage. *See In re Volkswagen Timing Chain Prod. Liab. Litig.*, Civ. A. No. 16-2765, 2017 WL 1902160 at *12 (D.N.J. May 8, 2017). Therefore, Stratis has adequately alleged the express warranty was unconscionable. However, as stated in *Volkswagen*, "[i]t is important to note that this Court is not declaring the [warranty] unconscionable at this time. Rather, at the Motion to Dismiss stage, the Court is merely satisfied that Plaintiffs have alleged sufficient facts to support the assertion that the [warranty is] unconscionable." *In re Volkswagen*, 2017 WL 1902160 at *12.

Accordingly, BMW America's motion to dismiss Stratis's breach of express warranty claim (Count I) is **DENIED**.[3]

---

[3] Any statute of limitations analysis on Stratis's breach of express warranty claim would be premature at this stage of litigation. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

### 2.      Breach of Implied Warranty

BMW America argues Stratis's claim for breach of implied warranty is barred by the applicable statute of limitations set forth by the NJUCC. (ECF No. 7 at 12.) In the alternative, BMW America argues the implied warranty on the vehicle is limited to the duration of the express warranty. (*Id.* at 13–15.) Stratis argues his claim for breach of implied warranty is proper because the defect existed at the time of sale. (ECF No. 18 at 13–16.)

Generally, a statute of limitations defense may not be asserted in a Rule 12(b)(6) motion. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "However, if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations,' a statute of limitations defense can be made on a motion to dismiss." *Hernandez v. Polly, Inc.*, Civ. A. No. 22-1244, 2022 WL 17850347 at *6 (D.N.J. Dec. 21, 2022) (quoting *Robinson*, 313 F.3d at 135). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." N.J. Stat. Ann. 12A:2-725; U.C.C. § 2-725. "A cause of action for breach of implied warranty accrues when delivery of the product is made, regardless of the purchaser's knowledge." *Moulton v. LG Elecs. USA, Inc.*, Civ. A. No. 11-4073, 2012 WL 3598760, at *3 (D.N.J. Aug. 21, 2012). However, U.C.C. § 2-725 contains a tolling provision that states in pertinent part, "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." N.J. Stat. Ann. 12A:2-725; U.C.C. § 2-725. In other words, the four-year statute of limitations may begin to run when the breach is discovered, rather

than when the breach occurs if: (1) the warranty explicitly covers future performance of the goods, and (2) the breach could not be discovered until that future performance occurs or fails to occur. Section 2-725's tolling provision does not apply to claims for breach of implied warranty because "[i]mplied warranties, by their very nature, cannot extend to future performance because such an extension must be explicit and an implied warranty cannot explicitly state anything." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 592 F. Supp. 2d 752, 765 (D.N.J. 2011).

Here, Stratis alleges he purchased the vehicle in 2015. (ECF No. 1 at 32.) Stratis filed this action at least six years after he purchased the vehicle. (*Id.*) Therefore, it is clear on the face of the complaint that the four-year statute of limitations began to run in 2015 and Stratis's claim for breach of implied warranty is time barred. Section 2-725's tolling provision cannot rescue Stratis's claim for breach of implied warranty from dismissal. *Travelers Indem. Co.*, 592 F. Supp. 2d at 765.

Accordingly, BMW America's motion to dismiss Stratis's breach of implied warranty claim (Count II) is **GRANTED**.

### 3.    Magnuson-Moss Warranty Act

The parties agree that Stratis's MMWA claims should be dismissed if the Court dismisses both of Stratis's underlying breach of warranty claims. (ECF No. 7 at 15–16; ECF No. 18 at 16–17.) BMW America also argues Stratis's MMWA claims are barred by a four-year statute of limitations. (ECF No. 7 at 16 n.1). Stratis does not address statute of limitations in his opposition.

The MMWA does not contain its own express limitations period for claims brought under its provisions. When a federal statute does not contain its own limitations period, the Court may "'borrow' the most suitable statute or other rule of timeliness from some other source." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983); *Cranbury Brick Yard, LLC v.*

19

*United States*, 943 F.3d 701, 711 (3d Cir. 2019). The Supreme Court has "generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello*, 462 U.S. at 158.

The MMWA provides a federal cause of action for state law express and implied warranty claims. 15 U.S.C. § 2301 *et seq.* The MMWA serves as a vehicle for consumers to assert state law breach of warranty claims in federal court. *DeFrank v. Samsung Elecs. Am.*, *Inc.*, Civ. A. No. 19-21401, 2020 WL 6269277, at *17 (D.N.J. Oct. 26, 2020.) Therefore, "[c]laims under the MMWA depend on the disposition of the underlying state law warranty claims . . . . [I]f there exists no actionable warranty claim, there can be no violation of the MMWA." *Argabright*, 201 F. Supp. 3d at 600 (citations omitted).

Here, the most closely analogous statute of limitations under state law is found in § 2-725 of the NJUCC. *ACH Enterprises 1 LLC v. Viking Yacht Co.*, 817 F. Supp. 2d 465, 472 (D.N.J. 2011). Section 2-725 sets forth a statute of limitations that requires an action for breach of warranty to be filed within four years of delivery of the product unless the claim satisfies the requirements set out in § 2-725's tolling provision. N.J. Stat. Ann. 12A:2-725; U.C.C. § 2-725. The Court finds that a four-year statute of limitations applies the Stratis' MMWA claim. However, while Stratis's claim for breach of implied warranty is barred by Section 2-725, it is unclear if his claim for breach of express warranty is barred. *See supra* Sec. III.B.2; Sec. III.B.1, n.3. "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (quoting *Bethel*, 570 F.2d at 1174).

Accordingly, BMW America's motion to dismiss Stratis's MMWA claim (Count III) is **DENIED**.

20

### 4.      New Jersey Consumer Fraud Act

BMW America argues Stratis has failed to adequately allege the circumstances constituting fraud with the particularity required under Rule 9(b). (ECF No. 7 at 22.) Additionally, BMW America contends Stratis's claims do not fall within the scope of the NJCFA because his allegations amount only to a breach of warranty. (*Id.* at 23.) Stratis argues the allegations in the Complaint satisfy all requirements under the NJCFA and Rule 9(b). (ECF No. 18 at 17–23.)

A *prima facie* NJCFA claim requires showing: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the conduct and the loss. *Int'l Union of Operating Eng'rs Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007). "Claims under the CFA are required to meet the particularity requirement of Fed. R. Civ. P. 9(b)." *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 709 (D.N.J. 2010) (internal citations omitted). Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *United States ex rel. Moore & Co. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d. Cir. 2016). In other words, "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation" *Frederico*, 507 F.3d at 200.

To sustain a NJCFA claim, a plaintiff must show unlawful conduct on part of the defendant. *Int'l Union*, 929 A.2d at 1086. Section 2 of the NJCFA prohibits:

> any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . .

N.J. Stat. Ann. § 56:8-2. "Proof of any one of those acts or omissions or of a violation of a regulation will be sufficient to establish unlawful conduct under the Act." *Cox v. Sears Roebuck*

*& Co.*, 647 A.2d 454, 462 (N.J. 1994). "[C]ourts have derived three broad categories of unlawful conduct: affirmative acts, knowing omissions, and regulatory violations." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012) (citing *Frederico*, 507 F.3d at 202).

To state a NJCFA claim based on an affirmative act, the plaintiff need not show the defendant intended to deceive. *Cox*, 647 A.2d at 462. However, when a NJCFA claim is based on an omission, the plaintiff must show some form of intent on part of the defendant. *See Sarlo v. Wells Fargo Bank, N.A.*, 175 F. Supp. 3d 412, 426 (D.N.J. 2015) (explaining that "an omission or failure to disclose a material fact, if accompanied by knowledge and intent" is actionable under the NJCFA); *Cox*, 647 A.2d at 462 ("[W]hen the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud."). Alleged affirmative acts must go beyond that of mere puffery. *See Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 540 (D.N.J. 2011). "The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Id.* (quoting *In re Toshiba America HD DVD Marketing and Sales Practices Litigation*, Civ. A. No. 08-939, 2009 WL 2940081, at *9 (D.N.J. Sept. 11, 2009)).

Here, Stratis has failed to plead unlawful conduct with the particularity required to sustain a claim under the NJCFA. Stratis sets forth only general accusations that fail to allege "the who, what, when, where, and how" the fraud occurred. *See Ex rel. Moore*, 812 F.3d at 307. Stratis's allegations that "[d]efendants misrepresented the standard, quality or grade of the vehicles that were sold or leased with the latent known defects" and "[d]efendants knowingly concealed, suppressed and/or omitted to disclose the existence of the engine primary and secondary chain assembly defects" are insufficient to satisfy Rule 9(b)'s heightened pleading standard. *See Glass v. BMW of N. Am., LLC*, Civ. A. No. 10-5259, 2011 WL 6887721, at *4, *7 (D.N.J. Dec. 29, 2011)

(finding plaintiff's claim relating to alleged omissions fell short of meeting Rule 9(b)'s heightened pleading requirements where she did not specifically allege: (1) who at the car company possessed knowledge of a power steering defect; (2) when or how the decision was made to conceal the defect from consumers; (3) that all, or even substantially all, vehicles had the defect; and (4) that the car company knew that the defect was certain to cause the power steering to fail). Accordingly, BMW America's motion to dismiss Stratis's NJCFA claim (Count IV) is **GRANTED**.[4]

### 5.    Misrepresentation Claims

BMW America argues Stratis's negligent misrepresentation claim is barred by the economic loss doctrine. (ECF No. 7 at 24–26). Alternatively, BMW America asserts in their reply that Stratis's claim fails to allege "with any specificity the who, what, when, where and how of any alleged representations or omissions made by BMW [America]." (ECF No. 20 at 13.) Stratis contends BMW America had exclusive and superior knowledge of the defect and owed a duty to disclose to vehicle purchasers. (ECF No. 18 at 24.) Additionally, Stratis argues the economic loss doctrine does not bar his negligent misrepresentation claim because his claim is based on fraud. (*Id.* at 25.)

"A cause of action for negligent misrepresentation may exist when a party negligently provides false information." *Karu v. Feldman*, 574 A.2d 420, 425 (1990). "To prevail on a negligent misrepresentation claim, a plaintiff must prove that the defendant negligently made an incorrect statement, upon which the plaintiff justifiably relied." *LS-NJ Port Imperial LLC v. A.O. Smith Water Products Co.*, Civ. A. No. 22-1687, 2022 WL 17547269, at *8 (D.N.J. Dec. 8, 2022)

---

[4] Given the Court's finding that Stratis has failed to plead unlawful conduct, the status of the remaining two elements has no impact on the disposition of Stratis's NJCFA claim as a whole. *See Dugan v. TGI Fridays, Inc.*, 171 A.3d 620, 636 (N.J. 2017) (holding "to prevail under the [NJ]CFA, a plaintiff must . . . prove unlawful conduct by defendant").

(citing *Green v. Morgan Properties*, 73 A.3d 478, 493–94 (2013)). "[A] negligent misrepresentation claim may be based on an omission only if the breaching party owes an independent duty to disclose." *Eberhart v. LG Electronics USA, Inc.*, 188 F. Supp. 3d 401, 410 (D.N.J. May 24, 2016) (citing *Henderson*, 2010 WL 2925913, at *7).

Generally, negligent misrepresentation claims need only satisfy the more liberal pleading standard of Rule 8(a); however, where the claim is based on allegations of fraud rather than negligence, the claim must satisfy the heightened pleading standard of Rule 9(b). *Compare In re Suprema Specialties, Inc. Secs. Litig.*, 438 F.3d 256, 272 (3d Cir. 2006) (holding "where the claims are expressly premised on negligence rather than fraud, Rule 9(b) has been held inapplicable") *with MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 360 (D.N.J. 2021) (holding Rule 9(b) "applies to claims under any legal theory whose supporting factual allegations 'sound in fraud' [and, a]s a result, if negligent misrepresentation . . . claims are based on intentional misrepresentations or knowingly false promises, Rule 9(b) applies") (internal citations omitted).

"The economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Qile Chen v. HD Dimension, Corp.*, Civ. A. No. 10-863, 2010 WL 4721514, at *8 (D.N.J. Nov. 15, 2010) (quoting *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002)); *Atlas Acquisitions, LLC v. Porania, LLC*, Civ. A. No. 18-17524, 2019 WL 6130774 (D.N.J. Nov. 19, 2019) ("Under New Jersey law, a plaintiff typically may not recover in tort for damages caused by a breach of contract . . . ."). "[T]he economic loss doctrine 'defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases.'" *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010). However, the economic loss doctrine will not bar "[f]raud claims . . .

where there exists fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations." *RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012) (quoting *Barton v. RCI, LLC*, Civ. A. No. 10-3657, 2011 WL 3022238, at *7 (D.N.J. July 22, 2011)).

"Generally, fraud claims that are extrinsic to the underlying contract, and consequently not barred under the economic loss doctrine, are claims for fraudulent inducement." *Touristic Enters. Co. v. Trane Inc.*, Civ. A. No. 09-02732, 2009 WL 3818087, at *6 (D.N.J. Nov. 13, 2009) (citations omitted). "[T]he 'critical issue' with regard to economic loss 'is whether the allegedly tortious conduct is extraneous to the contract.'" *Bracco Diagnostics, Inc.*, 226 F. Supp. 2d at 564 (quoting *Emerson Radio Corp. v. Orion Sales, Inc.*, Civ. A. No. 95-6455, 2000 WL 49361, at *6 (D.N.J. Jan. 10, 2000), *aff'd*, 253 F.3d 159 (3d Cir. 2001)). "The doctrine does not apply . . . when a party uses misrepresentations to induce another into entering an agreement." *Durr Mech. Constr., Inc. v. PSEG Fossil, LLC*, 516 F. Supp. 3d 407, 418 (D.N.J. 2021) (citing *Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 465 (D.N.J. 2020)).

Here, Stratis's claim of negligent misrepresentation is barred by the economic loss doctrine. Despite labeling his claim as one for "negligent misrepresentation," Stratis argues in his brief in opposition to the motion that this claim is based on fraud, rather than negligence, and therefore, the economic loss doctrine does not bar his claim. (ECF No. 18 at 25.) While Stratis is correct that allegations of fraud may bypass the bar presented by the economic loss doctrine, alleging his claim is based on fraud effectively seeks to amend the Complaint with his brief in opposition to the motion. Such amendments may not be made in a brief in opposition to a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (explaining that "it is axiomatic that the complaint may not be amended by the briefs in

opposition to a motion to dismiss") (alteration in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Because the Complaint labels Stratis's claim as one for "negligent misrepresentation" (ECF No. 1 at 26), and Stratis cannot amend the cause of action to one for fraud at this stage, the claim is barred by the economic loss doctrine. This is because Stratis's allegations of negligence are not extraneous to the contract and Stratis has suffered purely economic loss to which his entitlements only flow from a contract. *Plastic Surgery Ctr., P.A. v. Cigna Health and Life Ins. Co.*, Civ. A. No. 17-2055, 2018 WL 2441768 at *7 (D.N.J. May 31, 2018); *Qile Chen*, 2010 WL 4721514, at *8. Additionally, Stratis's negligent misrepresentation claim is barred by the economic loss doctrine because BMW America does not owe Stratis an independent duty to disclose. *See Coba v. Ford Motor Co.*, Civ. A. No. 12-1622, 2013 WL 244687, at *12 (D.N.J. Jan 22, 2013) (explaining "New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers").

Accordingly, BMW America's motion to dismiss Stratis's misrepresentation claim (Count V) is **GRANTED**.[5]

---

[5] Even if Stratis's misrepresentation claim was premised on fraud, such a claim would be subject to the heightened pleading standard of Rule 9(b). *See Durr*, 516 F. Supp. 3d at 419 (finding application of Rule 9(b)'s heightened pleading standard is appropriate where a plaintiff had failed to adequately differentiate between negligence claims and fraud claims); *Suprema*, 438 F.3d at 269–70 (explaining if a court finds a claim sounds in fraud, the claim is subject to Rule 9(b)'s pleading standard). Stratis's claim would still be insufficiently plead because the Complaint fails to allege with the sufficient level of specificity "the who, what, when, where, and how" of his claim. *Moore & Co.*, 812 F.3d at 307. Like his claim for violation of the NJCFA, Stratis's allegations that "[d]efendants misrepresented the standard, quality or grade of the vehicles that were sold or leased with the latent known defects . . ." and "[d]efendants knowingly concealed, suppressed and/or omitted to disclose the existence of the engine primary and secondary chain assembly defects . . ." are insufficient to satisfy Rule 9(b)'s heightened pleading standard. *Gray v. Bayer Corp.*, Civ. A. No. 08-4716, 2009 WL 1617930, at *3 (D.N.J. June 9, 2009) (holding plaintiffs general allegations that a corporation made representations that plaintiff relied upon were insufficient to surpass Rule 9(b)'s heightened pleading standard because such allegations lacked

### 6.      Unjust Enrichment

BMW America argues Stratis fails to sufficiently allege a direct relationship between BMW America and Stratis to sustain a claim of unjust enrichment. (ECF No. 7 at 27–28.) Alternatively, BMW America asserts Stratis has failed to allege that he expected renumeration from BMW America. (*Id.* at 28 n.2). Stratis contends any question regarding the existence of a direct relationship between Stratis and BMW America would be prematurely determined on a motion to dismiss. (ECF No. 18 at 26–27.)

"To establish a claim of unjust enrichment in New Jersey, 'a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust.'" *Hughes v. Panasonic Consumer Elecs. Co.*, Civ. A. No. 10-846, 2011 WL 2976839, at *26 (D.N.J. July 21, 2011) (quoting *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007)). "[T]he equitable remedy of unjust enrichment is not available when there is a valid contract" between the parties. *Joseph Oat Holdings, Inc. v. RCM Digesters, Inc.*, Civ. A. No. 06-4449, 2009 WL 900758, at *7 (D.N.J. Mar. 31, 2009) (*citing Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982)). "Furthermore, unjust enrichment 'requires that [the] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights.'" *Hughes*, 2011 WL 2976839, at *26 (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994)). Also, "a claim for unjust enrichment requires a direct relationship between the parties." *Hammer v. Vital Pharms.,*

---

the requisite level of specificity); *see Glass*, 2011 WL 6887721, at *4, *7 (finding plaintiff's claim relating to alleged omissions fell short of meeting Rule 9(b)'s heightened pleading requirements within the NJCFA context where she did not specifically allege: (1) who at the car company possessed knowledge of a power steering defect; (2) when or how the decision was made to conceal the defect from consumers; (3) that all, or even substantially all, vehicles had the defect; and (4) that the car company knew that the defect was certain to cause the power steering to fail).

*Inc.*, Civ. A. No. 11-4124, 2012 WL 1018842, at \*10 (D.N.J. Mar. 26, 2012) (citations omitted); *see also Bedi v. BMW of N. Am., LLC*, Civ. A. No. 15-1898, 2016 WL 324950, at \*5 (D.N.J. Jan. 27, 2016) ("[T]here must be a direct relationship to assert an unjust enrichment claim."). "[I]t is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998).

Here, Stratis has failed to state a claim for unjust enrichment because Stratis has failed to allege a direct relationship between himself and BMW America. *See Bedi*, 2016 WL 324950, at \*5–6. Stratis contends he purchased the vehicle from a BMW Roxbury, an authorized dealership, and not from BMW America directly. (ECF No. 1 ¶¶ 2, 12, 18.) Courts of this District regularly dismiss unjust enrichment claims where a plaintiff fails to establish a direct relationship with an automotive manufacturer. *See e.g. Bedi*, 2016 WL 324950, at \*5–6 (dismissing plaintiffs unjust enrichment claim and holding there is no direct relationship between plaintiff and BMW America where plaintiff alleged to have purchased a BMW vehicle from an authorized BMW dealership rather than from BMW America itself); *Glass*, 2011 WL 6887721, at \*16 (dismissing plaintiffs unjust enrichment claim and finding plaintiff failed to establish a direct relationship with BMW America because plaintiff failed to allege they purchased the vehicle from BMW America directly); *Merkin v. Honda N. Am., Inc.*, Civ. A. No. 17-3625, 2017 WL 5309623, at \*6 (D.N.J. Nov. 13, 2017) (dismissing plaintiffs unjust enrichment claim and holding there is no direct relationship between plaintiff and Honda North America, an automotive manufacturer, where plaintiff alleged to have purchased a Honda vehicle from an authorized Honda dealership rather than from Honda North America itself); *Henderson*, 2010 WL 2925913, at \*10–11; *Dawson v. Gen. Motors LLC*, Civ. A. No. 19-8680, 2019 WL 3283046, at \*7 (D.N.J. July 22, 2019).

Stratis cites to *Contino* and *Morano* to support his assertion that determining whether he had a direct relationship with BMW America would be premature on a motion to dismiss, arguing such a question should be left to a factfinder. *Contino v. BMW N. Am.*, Civ. A. No. 07-5755, 2008 WL 2940515 (D.N.J. July 29, 2008); *Morano v. BMW N. Am.*, 928 F. Supp. 2d 826 (D.N.J. 2013). Both cases are distinguishable as neither court applied New Jersey law in reaching their decision. *Contino*, 2008 WL 2940515, at *2–4 (denying a motion to dismiss unjust enrichment claims under Indiana and California law where a defendant fails to contest an argument made by plaintiffs); *Morano*, 928 F. Supp. 2d at 835–38 (denying a motion to dismiss breach of warranty claims under Florida law for lack of privity). Even if these cases had reached their conclusions by applying New Jersey law, they would join only a small minority of courts within this District that share this view. *See e.g. Stewart v. Beam Global Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 199 (D.N.J. 2012) (holding "the 'some direct relationship' element of an unjust enrichment claim does not standing alone preclude a consumer from ever bringing an unjust enrichment claim against a manufacturer simply because the consumer purchased the product at issue from a third-party retailer and not directly from the manufacturer[,]" but acknowledging that many other courts within this District have precluded unjust enrichment claims where there is not some direct relationship).

Accordingly, BMW America's motion to dismiss Stratis's unjust enrichment claim (Count VI) is **GRANTED**.

### 7.   Declaratory and Injunctive Relief

BMW America argues Stratis's claim for declaratory and injunctive relief should be dismissed because it is indistinguishable from Stratis's breach of warranty claims. (ECF No. 7 at 28–29.) Stratis fails to address BMW America's argument in his opposition. (*See* ECF No. 18.)

Courts of the Third Circuit have routinely held a plaintiff's claim "to have been abandoned, if not 'defended in [its] opposition to defendant's motion.'" *Feraro-Bengle v. Ranstad N. Am., L.P.*, Civ. A. No. 03-1650, 2006 WL 2524170, at *10 (D.N.J. Aug. 30, 2006) (quoting *Evans v. Nine West Group, Inc.*, Civ. A. No. 00-4850, 2002 WL 550477, at *4 (E.D. Pa. Apr. 15, 2002)) (alteration in original). A plaintiff's failure to address an argument in support of dismissal of their claim may result in dismissal on that basis alone. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis); *Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (explaining same); *see also Lightfoot v. Healthcare Revenue Recovery Grp.*, LLC, Civ. A. Civ. A. No. 14-6791, 2015 WL 1103441, at *4 (D.N.J. Mar. 11, 2015) (holding "[d]efendant's Motion to Dismiss Count Four is unopposed and will be granted").

While *pro se* plaintiffs are generally accorded greater leeway with the filing of briefs, Stratis is a formally trained attorney and not entitled to the full leeway given to *pro se* plaintiffs. *Hollister v. U.S. Postal Service*, 142 F. App'x 576 (3d. Cir. 2005) (holding an attorney appearing *pro se* that failed to file a brief in opposition was still subject to the harsh results of failing to oppose a motion despite his *pro se* status). Stratis opposed the dismissal of every other claim in his complaint except for his claim for declaratory and injunctive relief. Therefore, the Court finds the motion to dismiss Stratis's claim for declaratory and injunctive relief unopposed.

Accordingly, BMW America's motion to dismiss Stratis's claim for declaratory and injunctive relief (Count VII) is **GRANTED**.

**C.**     **Leave to Amend**

Stratis requests leave to amend the Complaint to the extent any of his claims are dismissed. (ECF No. 18 at 28.) "A general presumption exists in favor of allowing a party to amend its pleadings." *Hunter v. Dematic USA*, Civ. A. No. 16-00872, 2016 WL 2904955, at *3 (D.N.J. May 18, 2016) (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984)). "Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice." *Id.* (citations omitted); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Accordingly, Stratis's request for leave to cure any deficiencies and file an amended complaint is **GRANTED**.

**IV.    CONCLUSION**

For the reasons set forth above, BMW America's Motion to Dismiss (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART**. BMW America's Motion to Dismiss pursuant to Rule 12(b)(1) is **DENIED**. BMW America's Motion to Dismiss pursuant to Rule 12(b)(6) as to Count I (breach of express warranty) and Count III (violation of the MMWA) is **DENIED**. BMW America's Motion to Dismiss pursuant to Rule 12(b)(6) as to Count II (breach of implied warranty of merchantability), Count IV (violation of the NJCFA), Count V (misrepresentation claims), Count VI (unjust enrichment), and Count VII (declaratory and injunctive relief) is **GRANTED** and these claims are **DISMISSED WITHOUT PREJUDICE**. Stratis is afforded thirty (30) days from their receipt of the Order accompanying this Opinion to file an amended complaint that cures

the deficiencies as set forth above. If Stratis does not file an amended complaint in that time, Count II, Count IV, Count V, Count VI, and Count VII will be dismissed with prejudice. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  April 26, 2023